IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-01511-NYW

RUZICA COLIC,

    Plaintiff,

v.

WILLIAM BARR, *in his official capacity as Attorney General of the United States*,
CHAD F. WOLF, *in his official capacity as Acting Secretary, Department of Homeland Security*,
KENNETH CUCCINELLI, *in his official capacity as Senior Official Performing the Duties of the Director, U.S. Citizenship and Immigration Services*,
ANGELA K. GOLDINGER, *in her official capacity as Acting Deputy District Director, District 32, U.S. Citizenship and Immigrations Services*, and
ANDREW LAMBRECHT, *in his official capacity as Denver Field Office Director, U.S. Citizenship and Immigration Services*,

    Defendants.[1]

## ORDER ON MOTION TO DISMISS

Magistrate Judge Nina Y. Wang

    This matter comes before the court on Defendants William Barr, Chad Wolf, Kenneth Cuccinelli, Angela Goldinger, and Andrew Lambrecht's (collectively, "Defendants") Motion to Dismiss for Lack of Subject Matter Jurisdiction (the "Motion to Dismiss" or "Motion"), filed February 21, 2020. [#33]. The undersigned considers the Motion pursuant to 28 U.S.C. § 636(c) and the Order of Reference for all purposes, *see* [#12], and concludes that oral argument will not materially assist in the resolution of this matter. Accordingly, upon review of the Motion, the

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Acting Secretary of the Department of Homeland Security Chad F. Wolf should be automatically substituted for former Acting Secretary Kevin McAleenan. In addition, since the initiation of this lawsuit, Mr. Cuccinelli's title has changed from "Acting Director" to "Senior Official Performing the Duties of the Director," and Ms. Goldinger's title has changed from "District Director, Central Region," to "Acting Deputy District Director, District 32."

applicable law, and being sufficiently advised in its premise, this court **GRANTS** the Motion to Dismiss and **DISMISSES** this matter without prejudice for lack of federal subject matter jurisdiction.

## BACKGROUND

The court discussed the background of this matter in its Order on Motion for Remand, [#22], and therefore limits its discussion here to only the most salient facts. Plaintiff Ruzica Colic ("Plaintiff" or "Ms. Colic") "is a native and citizen of Yugoslavia,"[2] who has been a lawful permanent resident of the United States of America since February 10, 2010. *See* [#1 at ¶¶ 11-12]. Ms. Colic applied for United States citizenship by completing and submitting her Application for Naturalization ("Form N-400") in Denver, Colorado on or about September 5, 2017. *See* [*id.* at ¶ 13; #17-1 at ¶ 5]. The United States Citizenship and Immigration Services ("USCIS") interviewed Ms. Colic regarding her Form N-400 on or about April 20, 2018. *See* [#1 at ¶ 14; #17-1 at ¶ 6]. Ms. Colic alleges she passed her citizenship exam and expected a decision on her Form N-400 shortly after the April 20 interview. *See* [#1 at ¶¶ 14-15].

Having not received an initial decision by the USCIS on her Form N-400 within 120 days of her April 20, 2018 interview, Ms. Colic filed the instant civil action seeking a naturalization determination from this court pursuant to 8 U.S.C. § 1447(b) on May 28, 2019. *See generally* [#1]. The USCIS then conducted a subsequent interview of Ms. Colic on June 25, 2019. *See* [#17-1 at ¶ 9]. Because Ms. Colic did not "alleviate USCIS' concerns of marriage fraud," the USCIS "referred the case to the Fraud Detection and National Security Directorate ('FDNS'), a

---

[2] Ms. Colic's United States Permanent Resident Card similarly identifies her citizenship as Yugoslavia, *see* [#1 at 7], but Defendants recognize Plaintiff as a citizen of Serbia following the breakup of Yugoslavia. *See* [#17-1 at ¶ 5]. For consistency, the court will identify Ms. Colic as a citizen of Yugoslavia.

subcomponent of USCIS, whose responsibility it is to investigate and detect potential immigration fraud." [*Id.*].

On August 13, 2019, the Parties appeared before the undersigned for a Status Conference, at which the court set this matter for a Scheduling Conference and discussed Defendants' intent to file a Motion for Remand. *See* [#16]. Plaintiff indicated during that Status Conference that she objected to a further Remand that would simply prolong USCIS's evaluation process. Defendants filed their Motion for Remand on August 16, 2019, requesting that the court administratively close and remand this civil action to the USCIS for an initial determination on Ms. Colic's Form N-400—a decision which Defendants committed to issuing no later than October 15, 2019. *See* [#17 at 5]. On August 30, 2019, the court granted the Motion for Remand, administratively closed this matter, and remanded Ms. Colic's Form N-400 to the USCIS for a decision no later than October 15, 2019. [#22 at 8]. The USCIS denied Ms. Colic's Form N-400 on October 15, 2019. [#29 at 2].

On October 22, 2019, the court granted Ms. Colic's counsel leave to withdraw, rendering Ms. Colic pro se, and ordered the Parties to file a Status Report that day and again on January 22, 2020 given Ms. Colic's possible appeal of the decision denying her Form N-400. [#28]. Pursuant to the Parties' Joint Status Report on January 22, 2020, the court set a Telephonic Status Conference for February 10, 2020. [#31]. At this Telephonic Status Conference, the court discussed with the Parties Defendants' belief that Ms. Colic's failure to appeal the denial of her Form N-400 rendered this civil action moot, and the court set a deadline of February 21, 2020 for Defendants to file the instant Motion to Dismiss. [#32].

Defendants filed the instant Motion pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure on February 21, 2020. [#33]. Defendants state that Ms. Colic failed timely appeal the

3

USCIS's denial of her Form N-400, even after receiving leave to refile the appeal appropriately. [*Id.* at 3]. Because of this failure, there is no relief this court can provide, and thus this matter is now moot. *See* [*id.* at 3-4]. Despite the court's order that Ms. Colic respond within three weeks from the filing of the Motion to Dismiss, *see* [#32], Ms. Colic has yet to respond to the Motion to Dismiss and the deadline has since lapsed. Accordingly, the court concludes the Motion is ripe for determination presently without a response from Plaintiff. *See* D.C.COLO.LCivR 7.1(d).

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction and, as such, "are duty bound to examine facts and law in every lawsuit before them to ensure that they possess subject matter jurisdiction." *The Wilderness Soc. v. Kane Cty., Utah*, 632 F.3d 1162, 1179 n.3 (10th Cir. 2011) (Gorsuch, J., concurring). Indeed, courts have an independent obligation to determine whether subject matter jurisdiction exists, *Cellport Sys., Inc. v. Peiker Acustic GMBH & Co. KG*, 762 F.3d 1016, 1029 (10th Cir. 2014), even in the absence of a challenge from any party, *1mage Software, Inc. v. Reynolds & Reynolds, Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006). Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may bring either a facial or factual attack on subject matter jurisdiction, and a court must dismiss a complaint if it lacks subject matter jurisdiction. *See Pueblo of Jemez v. United States*, 790 F.3d 1143, 1147 n.4 (10th Cir. 2015). For a facial attack the court takes the allegations in the Complaint as true; for a factual attack the court may not presume the truthfulness of the Complaint's factual allegations and may consider affidavits or other documents to resolve jurisdictional facts. *Rural Water Dist. No. 2 v. City of Glenpool*, 698 F.3d 1270, 1272 n.1 (10th Cir. 2012) (citing *Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995)). The burden of establishing jurisdiction rests with the party asserting jurisdiction. *See Kline v. Biles*, 861 F.3d 1177, 1180 (10th Cir. 2017).

**ANALYSIS**

Mootness is a threshold issue as federal court jurisdiction depends on a live case or controversy—without a live, concrete controversy, the court cannot consider the plaintiff's claim(s) no matter how meritorious. *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1110 (10th Cir. 2010). "If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Brown v. Buhman*, 822 F.3d 1151, 1165 (10th Cir. 2016) (internal quotations omitted) (quoting *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1528 (2013)). Indeed, the existence of a live case or controversy must exist at all stages of litigation. *See Front Range Equine Rescue v. Vilsack*, 782 F.3d 565, 568 (10th Cir. 2015). "When a party seeks only equitable relief, as here, past exposure to alleged illegal conduct does not establish a present live controversy if unaccompanied by any continuing present effects." *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996). In other words, "a claim for prospective injunction becomes moot once the event to be enjoined has come and gone." *Citizen Ctr. v. Gessler*, 770 F.3d 900, 907 (10th Cir. 2014). Thus, the inquiry focuses on whether the court's determination of the issues will have "some effect in the real world." *Wyoming v. U.S. Dep't of Argic.*, 41 F.3d 1207, 1212 (10th Cir. 2005) (internal quotations and citation omitted).

Here, Ms. Colic sought a determination on her Form N-400, declaring her eligible for naturalization, either by the court or by the USCIS. *See* [#1 at 4]. As discussed, the court remanded this matter to the USCIS for a decision on Ms. Colic's Form N-400, with a determination due no later than October 15, 2019. [#22]. The USCIS denied Ms. Colic's Form N-400 on October 15, 2019. *See* [#29 at 2; #33-1]. Following this denial, Ms. Colic had an opportunity to appeal the USCIS's decision; however, she failed to do so. *See* [#33 at 3]. And her failure to do so, also

deprives this court of subject matter jurisdiction to review the USCIS's unfavorable decision. *See* 8 C.F.R. § 336.9(d) ("A USCIS determination denying an application for naturalization under section 335(a) of the Act shall not be subject to judicial review until the applicant has exhausted those administrative remedies available to the applicant under section 336 of the Act."); *Abiodun v. Gonzales*, 217 F. App'x 738, 741 n.4 (10th Cir. 2007) ("The proper statute for judicial review following such a denial is 8 U.S.C. § 1421(c). But the district court could not have taken jurisdiction under that statute because Mr. Abiodun failed to exhaust his administrative remedy of appealing the denial to an immigration officer." (citing 8 C.F.R. § 336.9(d))). Accordingly, there is no relief this court can provide, rendering this civil action moot. *See Brown*, 822 F.3d at 1165.

## CONCLUSION

For the reasons stated herein, **IT IS ORDERED** that:

(1) Defendants' Motion to Dismiss [#33] is **GRANTED**;

(2) This matter is **DISMISSED without prejudice** for lack of federal subject matter jurisdiction; and

(3) The Clerk of the Court shall terminate this matter accordingly.

DATED: March 24, 2020            BY THE COURT:

_____
Nina Y. Wang
United States Magistrate Judge